UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| Arizona Student DOE #1, | No. CV-25-00174-TUC-JGZ |
| Plaintiff, | **DECLARATION OF R. LINUS CHAN** |
| v. | |
| Donald J. TRUMP, in his official capacity, President of the United States of America; | |
| John CANTU, in his official capacity as ICE Enforcement and Removal Operations Phoenix Field Office Director; | |
| Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and | |
| Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security; | |
| Defendants. | |

1. My name is R. Linus Chan.

2. I am over eighteen years of age and am competent to testify regarding the matters described below.

3. I have been a licensed attorney since 2002, and I am currently licensed, and in good standing, in Illinois and Minnesota. I have been practicing immigration law since 2004.

4. I am the James H. Binger Clinical Professor of Law and the Director of the Detainee Rights Clinic at the University of Minnesota Law School.

5. In the last month, I have been very involved with personally representing and coordinating the representation of international students whose student visas have been revoked, and whose SEVIS records have been terminated.

Declaration of Linus Chan

6. In recent weeks, I have also communicated on a daily basis with dozens of other immigration lawyers around the United States who have also been working with international students whose visas have been revoked and SEVIS records have been terminated. I am aware, from my personal involvement with this subject matter, and from tracking reporting on this issue, that there have been thousands of students to whom this has happened in recent weeks.

7. Based on the cases I have reviewed, it is typical in recent weeks for students to receive notice of their visa revocations from the U.S. consulates that issued their visas, and then to receive notice from their academic institutions that their SEVIS records have been terminated. Normally, the two actions occur within 24 to 48 hours of each other.

8. However, I am aware that some students to whom this has happened in recent weeks receive their visa revocation notices after the termination of their SEVIS records, and sometimes they do not receive visa revocation notices at all. In fact, in a case involving my student, I have documentation which indicated that the revocation was "silent" and would not be provided to the student before their detention and SEVIS termination.

9. There can be no doubt, in my opinion, that the U.S. government's actions in these students' cases is the result of a closely coordinated policy and protocol that is executed by the Department of State (which revokes the students' visas), and the Department of Homeland Security (through Immigration and Customs Enforcement (ICE), which terminates the students' SEVIS records).

10. My work with international students in recent weeks has been most intensely concentrated on representing and coordinating with other attorneys representing international students who, after having their visas revoked and their SEVIS records terminated, were detained by ICE and placed into removal proceedings with an immigration court in Minnesota.

11. I am personally aware of a total of four international students in Minnesota who, after having their student visas revoked and their SEVIS records terminated, have been detained and placed in removal proceedings. All of them remain in immigration detention.

12. In my client's case school officials provided screenshots of my client's SEVIS accounts around the time that those accounts were terminated. The screenshots of my client's SEVIS accounts list a citation to INA § 237(a)(1)(C)(i).

13. As part of a group of attorneys representing my client in their removal and bond proceedings, I am in possession of the Notices to Appear—the charging documents—that ICE filed to initiate the deportation cases against him. The NTA charges him with being removable under INA § 237(a)(1)(C)(i).

14. Upon information and belief, after conferring with, Hannah Brown, one of the other detained student's attorney, that student is similarly situated to my clients, and the

Declaration of Linus Chan

majority of students described above in ¶¶ 6-9. I have also been in contact with attorneys representing two other detained students in Minnesota. They were all similarly situated. All of our clients, were detained by ICE between March 25, 2025, and March 28, 2025. All four of them had bond hearings with immigration judges within the last week. All four of them were found by immigration judges to be neither dangers to the community, nor flight risks, and three were granted a bond.

15. However, ICE secured administrative stays that have effectively blocked all four students' ability to either post the bond, or to be released on bond. For that reason, the students will remain detained for the foreseeable future.

I declare under penalty of perjury that the foregoing is true and correct. (U.S. Code, Title 28, USC § 1746.)

April 16, 2025
Dated

R. Linus Chan

Declaration of Linus Chan