**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Student DOE #1, | No. CV-25-00174-TUC-JGZ |
| Plaintiff, | No. CV-25-00175-TUC-JGZ |
|  | No. CV-25-00183-TUC-JGZ |
| v. | **ORDER** |
| Donald J Trump, et al., | |
| Defendants. | |

On May 2, 2025, District Judge Angela M. Martinez granted Plaintiff Arizona Student Doe #2's unopposed motion to transfer Case 25-CV-00175-TUC-JGZ to this Court. (25-CV-00175-TUC-JGZ, Doc. 20.) The same day, this Court issued an order staying all pending briefing deadlines in matters 25-CV-00174-TUC-JGZ, 25-CV-00175-TUC-JGZ, and 25-CV-00183-TUC-JGZ and set a hearing for May 5, 2025 to discuss scheduling and case management issues. (25-CV-00175-TUC-JGZ, Doc. 21.) Given the common questions of law and fact in the three cases, and to avoid unnecessary cost and delay, the Court sought to streamline proceedings by consolidating the briefing on Plaintiffs' Motions for Preliminary Injunction. (*Id.*) At the hearing, the parties agreed to a consolidated briefing schedule regarding Plaintiffs' requests for preliminary injunctions in each case, as discussed below. However, the Temporary Restraining Orders ("TROs") issued in cases 25-CV-00175-TUC-JGZ and 25-CV-00183-TUC-JGZ are set to expire on May 13 and May 9, respectively. For the following reasons, the Court finds good cause to extend the TROs pending resolution of Plaintiffs' Motions for Preliminary Injunction.

**I.     Extension of Temporary Restraining Orders**

A. Background

The TROs in Cases 25-CV-00175-TUC-JGZ and 25-CV-00183-TUC-JGZ were initially issued without notice to Defendants. In Case 25-CV-00175-TUC-JGZ, the court issued an ex parte TRO on April 15, 2025 and set the matter for hearing on April 29, 2025. (25-CV-00175-TUC-JGZ, Doc. 7.) At the April 29 hearing,

> [T]he Court extended the TRO for good cause until May 13, 2025. The Court extended the TRO, in part, to allow Defendants the opportunity to obtain Plaintiff's identifying information, subject to a protective order, and to allow the parties additional time to brief and address what impact, if any, two new factual developments, [the reactivation of Plaintiff's SEVIS record and ICE's recently issued policy regarding SEVIS record terminations], had on the case.

(25-CV-00175-TUC-JGZ, Doc. 19.) In Case 25-CV-00183-TUC-JGZ, the Court issued an ex parte TRO on April 25, 2025 and set a hearing on the motion for preliminary injunction for May 6, 2025. In both cases, prior to the hearing on the preliminary injunction, the Court issued its order staying briefing deadlines.

At a hearing on May 5, 2025, the parties agreed to a consolidated briefing schedule to take place in the following sequence: (1) Defendants will file a consolidated Response to Plaintiffs' Motions for Preliminary Injunction by May 16, 2025; (2) Plaintiffs will file a Reply by May 23, 2025; (3) the parties will file a Joint Prehearing Statement by May 30, 2025; and (4) after receiving the Joint Prehearing Statement, the Court will set a hearing on the Motions for Preliminary Injunction as soon as practicable.

B. Legal Standard

Under Federal Rule of Civil Procedure 65(b)(2), a TRO issued without notice to the adverse party expires after 14 days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). After issuance of an ex parte TRO, the court must set a hearing on the motion for preliminary injunction "at the earliest possible time." Fed. R. Civ. P. 65(b)(3). But "nothing in [Rule 65] prevents a district court from continuing a TRO while reserving decision on a motion for preliminary injunction." *S.E.C. v. Unifund SAL*, 910 F.2d 1028,

1034 (2d Cir. 1990). Additionally, a court may extend a TRO if the adverse party requests a continuance of the hearing on the issuance of a preliminary injunction. *See Maine v. Fri*, 483 F.2d 439, 441 (1st Cir. 1973).

### C. Application

At the May 5 hearing, Defendants did not consent to extensions of the TROs in Cases 25-CV-00183-TUC-JGZ and 25-CV-00175-TUC-JGZ, which expire on May 9, 2025, and May 13, 2025, respectively.[1] However, in the interest of judicial efficiency and reducing unnecessary cost and delay that would result from duplicative briefing and argument, the Defendants did agree to the consolidated briefing schedule described above.[2] In light of the consolidated briefing schedule, the Court will set the hearing on the Motions for Preliminary Injunction on the first date available after the briefing, which is June 5, 2025. Moreover, for the reasons discussed below, the Court will extend the ex parte TROs until it has issued its decision on Plaintiffs' Motions for Preliminary Injunction.

Plaintiffs have exercised good faith in seeking the preliminary injunction hearings, but, for a multitude of reasons, the hearings have not yet occurred. As Judge Martinez noted in Case 25-CV-00175-TUC-JGZ, changing factual circumstances necessitated additional briefing prior to the court's decision on a preliminary injunction.[3] Those new events and changed factual circumstances also apply to Cases 25-CV-00174-TUC-JGZ and 25-CV-00183-TUC-JGZ. The effects of ICE's reversal of Plaintiffs' SEVIS records and the newly

---

[1] The TRO issued in Case 25-CV-00174-TUC-JGZ was issued with notice and after a hearing; therefore, the 14-day time limit does not apply, and that TRO remains in effect pending the preliminary injunction decision. *See* Fed. R. Civ. P. 65(b). Further, it is not clear that the TRO in Case 25-CV-00175-TUC-JGZ, which was extended after briefing and a hearing, remains a TRO issued "without written or oral notice to the adverse party." *See* Fed. R. Civ. P. 65(b)(1). And the TRO issued in Case 25-CV-00183-TUC-JGZ may be extended for good cause until May 23, 2025 under Rule 65(b)(2).

[2] If the parties did not agree to the consolidated briefing schedule, the Court would have no choice but to hold a preliminary injunction hearing on May 13, 2025 and the parties would continue to file separate briefing in each of the three cases, wasting the time and resources of all parties and the Court.

[3] "[I]f the moving party has exercised good faith in seeking the preliminary injunction hearing but has been unsuccessful—perhaps because congestion on the court's docket has prevented a speedy hearing—and the danger of irreparable injury continues to exist, there is every reason for extending the order beyond 28 days and the court should have discretion to do so." 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2953 (3d ed. 2025).

issued ICE policy require further briefing and argument. Moreover, good cause exists for continuing the TROs for the same reasons discussed in the orders granting TROs in Cases 25-CV-00174-TUC-JGZ and 25-CV-00183-TUC-JGZ. (*See* 25-CV-00174-TUC-JGZ, Doc. 22; 25-CV-00183-TUC-JGZ, Doc. 8.) In the absence of temporary injunctive relief, the risk of irreparable harm to Plaintiffs is ongoing. Plaintiffs are at risk of penalties accruing from the gap in which their SEVIS records were set to "terminated." At the May 5 hearing, Plaintiffs' counsel informed the Court that at least one plaintiff has been informed by his educational institution that he may be ineligible to apply for Optional Practice Training due to the termination period. The balance of equities and public interest remain in Plaintiffs' favor, and Defendants face only negligible, if any, injury from the extension of temporary relief through the preliminary injunction decision.

## II.   Conclusion

**IT IS ORDERED** that the following briefing schedule shall govern the preliminary injunction proceedings in these cases:

1. Defendants shall file their consolidated Response to Plaintiffs' Motions for Preliminary Injunction no later than **May 16, 2025**. Defendants' Response shall not exceed **thirty (30) pages** and must address:

    a. ICE's "recently issued policy" filed by Defendants at Doc. 13-1, Case 25-CV-00175-TUC-JGZ. Specifically, the briefing shall address:

        i. the government's position as to the legal authority for and the legal impact of the policy, including but not limited to, the legal basis upon which a policy may amend federal regulation to allow the termination of an F-1 nonimmigrant student's SEVIS record based upon the revocation of the student's F-1 visa;

        ii. whether, under the new policy, the termination of a SEVIS record will have the effect of terminating an F-1 nonimmigrant student's ability to remain lawfully in the United States;

        iii. whether, under the new policy, an F-1 nonimmigrant student will

                have the opportunity to be heard before his or her SEVIS record is terminated; and

            iv. whether it is arbitrary and capricious to terminate the SEVIS record based on the cancellation of an F-1 visa if the cancellation of that visa has no effect on an F-1 nonimmigrant student's ability to remain in the United States and continue his or her studies.

    b. Who the appropriate Defendant(s) is in these cases.

    c. The potential effect of the issuance of a nationwide injunction in related pending cases, including Case 4:25-cv-03140-JSW in the District Court for the Northern District of California.

2. Plaintiffs shall file their Reply no later than **May 23, 2025**. Plaintiffs' Reply shall not exceed **twenty (20) pages**.

3. The parties shall file their Joint Prehearing Statement no later than **May 30, 2025**. In the joint pre-hearing statement, the parties must set forth a summary of the issues relevant to the motion and the parties' positions; a statement of the Court's jurisdiction; a list of each party's proposed witnesses and the likelihood of their appearance; a list of each party's exhibits; and the estimated length of the hearing.

4. The parties are reminded to include each of the three case numbers in the caption of each consolidated filing they submit.

5. The parties shall appear for a hearing on the motions for preliminary injunction on **Thursday, June 5, 2025 at 9:00 a.m.**

6. Additionally, prior to the hearing, counsel must provide a Notice to Court Reporter to facilitate the creation of an accurate record. The Notice shall contain the following information that may be used during the proceeding:

    a. Proper names, including those of witnesses.

    b. Acronyms.

    c. Geographic locations.

      d.   Technical/medical terms, names, or jargon.

      e.   Table of authorities, in alphabetical order, which includes all the authorities on which the parties will rely at the proceeding.

The Notice to Court Reporter need not be filed but shall be provided by email to Judge Zipps' Court Reporter, Linda Parks (Linda_Parks@azd.uscourts.gov), with a courtesy copy to Judge Zipps' Chambers (zipps_chambers@azd.uscourts.gov).

**IT IS FURTHER ORDERED** that the Temporary Restraining Order in Case 25-CV-00175-TUC, issued on April 15, 2025 and extended through May 13, 2025, the Temporary Restraining Order in Case 25-CV-00183-TUC, issued on April 25, 2025, are extended, under the same terms, until the Court issues its decision on Plaintiffs' Motions for Preliminary Injunction.

Dated this 6th day of May, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge