TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
J. COLE HERNANDEZ
Assistant U.S. Attorney
State Bar No. 018802
MICHAEL L. LINTON
Assistant U.S. Attorney
State Bar No. 024729
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
E-Mail: denise.faulk@usdoj.gov
cole.hernandez@usdoj.gov
michael.linton@usdoj.gov
*Attorneys for Defendants Noem and Lyons*

IN THE UNITED STATES DISTRICT COURT

FOR THR DISTRICT OF ARIZONA

| Arizona Student DOE #1, et al., | CV-25-00174-TUC-JGZ |
|---|---|
| Plaintiff, | CV-25-00175-TUC-JGZ |
|  | CV-25-00183-TUC-JGZ |
| v. |  |
| Donald J. Trump, et al., | **STIPULATION TO DISMISS** |
| Defendants. |  |

All Plaintiffs and Defendants Kristi Noem, in her official capacity as Secretary of U.S. Department of Homeland Security, and Todd M. Lyons, in his official capacity as Acting Director, United States Immigration and Customs Enforcement,[1] by and through undersigned counsel, stipulate as follows:

1. The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in these cases has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE"). The reactivation of each Plaintiff's

---

[1] Donald J. Trump and John Cantu are not proper parties to the instant suits. As such, they are dismissed and not subject to the terms of the Stipulation.

SEVIS record is made retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation, for SEVIS continuity purposes, is as though the termination did not happen.

2. To the extent any Plaintiff is participating in Optional Practical Training ("OPT"), any authorization end date for OPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

3. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiffs' SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity.

4. As stated in the new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)."

5. A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy. Accordingly, ICE will not make removal efforts on the basis of a visa revocation that is effective upon departure.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visas of any of the Plaintiffs in this action have been revoked with immediate effect. As such, Plaintiffs' visa revocations are effective upon departure.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as

set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS").  If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial in adjudication of an immigration benefit request that is based in whole or in part on the termination and reactivation of Plaintiffs' SEVIS record, Plaintiff agrees to provide this Stipulation to USCIS in the first instance.  If, after receipt of this Stipulation from Plaintiff, USCIS requires additional information about the scope of this Stipulation from Defendants, Plaintiff's counsel shall notify Defendants of the information requested by USCIS regarding the scope of this Stipulation and Defendants shall timely provide to USCIS and Plaintiff's counsel their response regarding the scope of this Stipulation.

9. Plaintiffs shall dismiss these actions with prejudice.  The court retains jurisdiction after dismissal to enforce the terms of this stipulation and settlement.  Each party shall bear its own fees and costs.

RESPECTFULLY SUBMITTED:  July 9, 2025.

GREEN EVANS-SCHROEDER, PLLC

*s/ Matthew H. Green w/permission*
MATTHEW H. GREEN
Attorney for Plaintiffs

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
J. COLE HERNANDEZ
MICHAEL L. LINTON
Assistant U.S. Attorneys
*Attorneys for Defendants Noem and Lyons*